·(31 Misc. Rep. 597.)

ACKERMAN v. TRUE.

(Supreme Court, Special Term, New York County. May, 1900.)

1. MUNICIPAL CORPORATIONS—LOT FRONTING ON PARK DRIVEWAY—BUILDING PERMIT—WHO MAY ISSUE.

Riverside Drive, being part of Riverside Park, as laid out by the commissioners of Central Park under Laws 1867, c. 697, and referred to in all subsequent statutes relating to such park as being a part thereof, is under the jurisdiction of the department of parks, rather than the municipal assembly, and hence such department may grant a permit to build on lots facing such drive.

2. SAME—BUILDING PERMITS—POWER OF A PARK COMMISSIONER TO GRANT.

Greater New York Charter, § 610, provides that the board of park commissioners may enact ordinances for the government and protection of all parks, and the same shall at all times be subject to all ordinances in respect to any erection or incumbrance thereon. Section 612 gives each commissioner charge of the management of such parks as are situated in

the boroughs over which he has jurisdiction. Section 616 confers on the commissioners for the boroughs of Manhattan and Richmond all the powers heretofore vested in the city of New York, the department of parks, or any other body or officer therein or thereof. *Held*, that a permit to extend the front of a building into Riverside Park, granted by the commissioner for Manhattan, was invalid, since it was not granted pursuant to the general rules and regulations of the board.

3. SAME—BUILDING EXTENDING INTO PARK—PERMIT—AUTHORITY OF BOARD OF PARK COMMISSIONERS TO GRANT.

Greater New York Charter, § 610, providing that the parks shall at all times be subject to all ordinances passed by the board of park commissioners in respect to any erection or incumbrance thereon, does not give such board authority to grant a permit for the extension of the side walls and the entire front of a dwelling into a park, and hence such permit is invalid.

4. SAME—BUILDING EXTENDING INTO PARK—REMOVAL.

The removal of a projection of defendant's dwelling into a park, made under an invalid permit, will not be ordered where plaintiff, who claims that his residence property is injured thereby, watched the progress of the work daily, and made no objection till after the completion of the dwelling, and after a quarrel with defendant.

Action by Charlotte Y. Ackerman against Clarence F. True. Judgment for plaintiff.

William J. Kelly, for plaintiff.

Atwater & Cruikshank (Alfred B. Cruikshank, of counsel), for defendant.

ANDREWS, J. The plaintiff is the owner of a vacant lot at the corner of Eighty-Second street and Riverside Drive. The defendant has erected a row of houses on the easterly side of the drive, between Eighty-Second and Eighty-Third streets, and the house next to the said lot of the plaintiff projects into Riverside Drive about three feet six inches. This action is brought to compel the defendant to remove such projection. The projection in question was constructed under a permit granted by Mr. Clausen, who was president of the park department, and the commissioner of that department for the boroughs of Manhattan and the Bronx; and it is claimed on behalf of the plaintiff that such permit was invalid, for several reasons:

1. It is claimed by plaintiff's counsel that the provision of law contained in chapter 697 of the Laws of 1867, and which was re-enacted by the consolidation act of 1882, and which made the streets and avenues within the distance of 350 feet from the outer boundaries of any park subject to such rules and regulations as to the uses thereof, and the erections and projections thereon, as the department of parks might make, having been omitted in the Greater New York charter, has been repealed, and that the powers formerly possessed by that department in relation thereto are now vested in the municipal assembly. It is not necessary for me to pass upon this question, because the carriage road and sidewalk, and area, if any, immediately in front of the premises which are the subject of this litigation, are not outside the outer boundaries of the park, but are themselves a part of a public park, and are under the exclusive control and management of the department of parks. It was not proven upon the trial,

but the court will take judicial notice of the fact shown by its own records, that originally Riverside Park was laid out by the commissioners of Central Park, under the powers conferred upon them by chapter 697 of the Laws of 1867, and which were transferred to the department of public parks created by the so-called charter of 1870. The land forming the park and bed of the drive was taken by said commissioners in one proceeding, and the maps and reports of the commissioners were filed July 27, 1871, pursuant to an order of the supreme court of that date. In that proceeding what is known as "Riverside Drive" was included as a part of the park, and in subsequent statutes the land forming the carriageway and sidewalk is sometimes referred to as "Riverside Drive," and sometimes as "Riverside Avenue," and the whole land taken in said proceeding is sometimes referred to as "Riverside Park and Drive." Thus, by section 2, c. 447, of the Laws of 1876, it is provided, "The whole of the land embraced within the boundaries of Riverside avenue is hereby declared to be one of the parks and public places in the city of New York, and shall be under the control and management of the department of parks of said city." This provision was re-enacted in the consolidation act (section 668, c. 410, Laws 1882). By chapter 74, Laws 1894, the department of parks was authorized to complete the construction of Riverside Park and Drive according to the plans to be determined by the commissioners of parks, approved by the board of estimate and apportionment. Under chapter 504 of the Laws of 1896 the department of parks was authorized to complete Riverside Park and Drive. In all the statutes which have been passed in relation to the matter the lands forming the carriageway, the sidewalk, and areaway have always been treated, as they are expressly declared to be in the said act of 1876 and in the consolidation act, as an integral part of Riverside Park; and, although it does in some places form the eastern boundary of said park, it never has been considered or treated or spoken of in any statute as a street or avenue outside of and independent of the park. The objection, therefore, that the permit is invalid because the control of the drive or avenue is now vested in the municipal assembly, is not well taken.

2. It is objected that the permit is invalid because (1) it was granted by a single commissioner; and (2) because neither a single commissioner nor the board of commissioners of the park department is authorized by law to permit the defendant to extend his building into the drive. Section 610 of the Greater New York charter contains, among other things, the following:

"The board shall also have power by vote of a majority of its members to enact ordinances for the government and protection of all parks, parkways, squares and public places within the city, and the same shall at all times be subject to all such ordinances as to the use and occupation thereof and in respect to any erections or incumbrances thereon."

It is true that section 612 declares that each commissioner shall have charge of the management and be responsible for the care of all such parks, parkways, squares, and public places as are situated in the borough or boroughs over which he has jurisdiction, and that sec-

tion 616 of said charter also confers upon the commissioners for the boroughs of Manhattan and Richmond all the powers, rights, and duties, and makes them subject to all the obligations, heretofore vested in, conferred upon, or acquired by the corporation of the city of New York, the department of parks, the commissioners of parks, or any other board, body, or officer therein or thereof. Whatever additional powers may be conferred upon the commissioners for the boroughs of Manhattan and the Bronx by said section 616, the provisions of that section certainly cannot be considered as repealing or modifying the express provisions of said section 610, which confer upon the board the power to enact ordinances in respect to "erections and incumbrances" in all the parks of the city, and the said section 612, which expressly declares that the commissioners' acts shall be subject to the general rules and regulations established by the board. I am therefore of the opinion that the permit was invalid because it was not granted pursuant to any general rules and regulations adopted by the board of commissioners, and that Mr. Clausen neither as commissioner nor as president had the power to grant it. I am also of the opinion that the permit was invalid because the board itself had no power to permit the defendant to extend the front of his building into the park, as was done in this case. It is true that the right of owners of property fronting on public streets in this city to erect bay or bow windows of enormous size, and stoops which project a long distance into the street, and to maintain inclosed areaways, as well as coal holes and cellar openings, and to construct vaults under sidewalks and streets, sometimes under the authority of the common council, and sometimes under the authority of the park department, has been upheld by the courts. But no case, so far as I am aware, has ever gone so far as it would be necessary to go in order to sustain the validity of a permit of this kind, even if granted by the board of commissioners of the department of parks, or under ordinances adopted by them. The projection in this case is not a bow nor a bay nor an oriel window. It is the projection of the side walls and of the entire front of the house a distance of three feet six inches into the park. It is not shown that it interferes with the passage to and fro of foot passengers along the sidewalk; but, if the right exists to authorize an extension a distance of three feet six inches, I see no reason why an extension to a much greater distance might not also be authorized. In many of the invasions of streets in this city under the authority of the common council, the powers of the municipality given to it by its ancient charters have frequently been invoked to support such authority. But, in the case of the park commissioners, their powers are purely statutory, and, so far as I am able to discover, under the laws which were in existence when this permit was granted, the only authority was for the park board to pass ordinances in respect to the "erections and incumbrances" in the parks of this city; and I cannot believe that this provision of the statute should be construed as authorizing the park board to permit the owner of property fronting on the easterly side of Riverside Park to construct a substantial portion of his building in the park itself.

3. The permit being invalid, the next question which arises is what relief, if any, the plaintiff is entitled to receive in this action. In her complaint she asks that the projection be removed, or for damages. But in the brief submitted upon the trial her attorney states that what the plaintiff desires is a judgment directing the removal of the obstruction. I am of the opinion that she is not entitled to that relief. The plaintiff and her husband reside in the house situated on the north side of Eighty-Second street, on land adjoining the vacant lot which it is claimed has been injured by the projection of defendant's house into the street. It is shown that her husband is in no business, and that he acted for his wife in all business matters, and that he was a frequent visitor to the building which the defendant erected on the land adjoining his wife's lot, and saw the work upon the building going on from the time the foundations were laid until the building was completed. He claims, as I understand his testimony, that he did not know that the defendant was extending the front of his building into the park, but, upon all the evidence, I must hold that he did have such knowledge. It also appears that he never made any objection whatever to the erection nor to such extension of the building, and that it was not until some difficulty had arisen between him and the defendant that this action was brought. Under these circumstances, she is not entitled to a judgment compelling the defendant to remove his building so far as it projects into the street. So far as the question of damages is concerned, it is extremely difficult to determine what damages the plaintiff has suffered. The lot which she claims has been injured is a very small one, of irregular shape; and it appears by the testimony that it was not bought by the plaintiff with the intention of building upon it, but in order to prevent the erection of any building thereon which might be detrimental to the house upon the adjoining lot, on the side street, which the plaintiff owns and occupies. It is therefore extremely problematical whether the plaintiff, or any one taking title from her, will ever put a building upon this lot. If such building should be erected upon the lot, the amount of damage done by the projection of the defendant's building into the park would largely depend upon whether the person erecting the building could obtain from the park board permission to project such building as far into the park as the projection of the defendant's building now extends. If such permission could not be obtained, the injury to such building would be quite serious. If it could be obtained, I cannot see that the projection of the defendant's building would cause any material injury. The testimony as to the damage to the lot in question, considered as a vacant lot, is very conflicting; some witnesses testifying that the damage is very great, and others testifying that it is not damaged at all. After the best consideration that I have been able to give to the matter, I have decided to award judgment in plaintiff's favor for the sum of $2,500, with costs.

Judgment for plaintiff, with costs.